THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBEL GOITOM,<br><br>  Defendant. | CASE NO. CR17-0132-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to quash an arrest warrant and for issuance of a summons (Dkt. No. 89). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND**

On July 10, 2018, the Court sentenced Defendant to 23 months of incarceration followed by three years of supervised release for felon in possession of a firearm and bank fraud. (*See* Dkt. Nos. 51, 53.) In January 2019, Defendant allegedly violated the terms of his supervised release by obstructing a law enforcement officer, committing hit-and-run of an unattended vehicle, driving with a suspended license, and consuming alcohol before driving. (*See* Dkt. Nos. 54 at 1, 89 at 2.) The Court released Defendant to his parents' custody with special conditions and ultimately declined to impose a period of incarceration of the supervised release violations. (*See*

Dkt. Nos. 60, 69.)

On October 3, 2019, a summons was issued after Defendant allegedly solicited a prostitute in violation of the terms of his supervised release. (*See* Dkt. No. 71 at 1). While the adjudication of that alleged violation was pending, Defendant was arrested and booked into the King County Jail for assault in the second degree and unlawful possession of a firearm. (*See* Dkt. Nos. 83 at 2, 89 at 2.) On November 18, 2019, the Court issued a warrant for Defendant's arrest. (*See* Dkt. No. 89 at 2.) Defendant has been held in custody at the King County Jail since November 17, 2019, and the arrest warrant remains pending. (*See id.*)

Defendant now moves to for release pursuant to 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6). (*See* Dkt. Nos. 91 at 4, 91 at 1.)[1]

## II.     DISCUSSION

A court must order a person detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1)).

Here, Defendant asks that if he is granted pretrial release by the King County Superior Court, he be released by the Court pending an adjudication of his alleged supervised release violations. (*See* Dkt. No. 89 at 5.) In support of his request, Defendant primarily argues that he performed well under strict conditions of release when he was released pending an adjudication of his January 2019 supervised release violation. (*See id.* at 6; Dkt. No. 92 at 1–2) (citing *United*

---

[1] While Defendant's motion is termed as a motion to quash his arrest warrant, in his reply brief Defendant acknowledges that, "The government asserts, and we agree, that Mr. Goitom's motion to quash is effectively a motion for post-conviction release." (Dkt. No. 92 at 1) (citing 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6)).

ORDER
CR17-0123-JCC
PAGE - 2

*States v. Paulino*, 335 F. Supp. 3d 600, 614 (S.D.N.Y. 2018)).[2]

But Defendant's alleged conduct here involved him displaying a firearm to bouncers after they removed him from a nightclub, threatening to shoot the bouncers, and discharging a round. (*See* Dkt. Nos. 91 at 2, 91-1 at 2.) Given the serious and violent nature of Defendant's alleged conduct, his previous compliance with the terms of an appearance bond, such as alcohol testing, location monitoring, and a curfew, does not constitute clear and convincing evidence that he will not pose a danger to the community if he is released. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6); (Dkt. Nos. 60 at 1, 67 at 2). Therefore, Defendant's motion must be denied. If Defendant is released from the King County Jail and is transferred to federal custody pursuant to the pending arrest warrant, Defendant may argue for his release at any future detention hearing before a magistrate judge. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6).

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to quash an arrest warrant and for issuance of a summons (Dkt. No. 89) is DENIED.

DATED this 21st day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also argues that he should be released because he has untreated dental issues and because his recent diagnosis for asthma puts him at greater risk for severe complications from COVID-19. (*See* Dkt. Nos. 89 at 2–4, 92 at 2–4.) While the Court is sympathetic to those issues, Defendant has not established how they are relevant to determining whether Defendant is likely to flee or would pose a danger to the community if granted release. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6); (Dkt. Nos. 89 at 4–5, 92 at 2–4.)