The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBEL GOITOM,<br>Defendant. | NO. CR17-132 RSL<br>**RESPONSE TO HABEAS CORPUS PETITION UNDER 28 U.S.C. §2241** |

## I. INTRODUCTION

Defendant Robel Goitom has filed a habeas corpus petition under 28 U.S.C. §2241 challenging his conviction for Felon in Possession of a Firearm under 18 U.S.C. §922(g)(1). For the foregoing reasons, the petition should be denied.

First, in the plea agreement entered in this case, Goitom waived the right to collaterally challenge his conviction; for this reason alone, the petition should be denied. Second, a §2241 petition is not the proper vehicle to raise this claim; because Goitom is currently in custody on this matter, any challenge to his conviction must be raised in a motion under 28 U.S.C. §2255, regardless of whether there might be procedural obstacles to doing so successfully. Finally, even if the Court could reach the merits in this procedural posture, Goitom has not shown that he is "actually innocent" of his §922(g)(1) offense.

For all these reasons Goitom's §2241 petition should be denied.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. JURISDICTION AND NEED FOR AN EVIDENTIARY HEARING

Goitom is presently serving the term of supervised release imposed for his conviction in this case. This constitutes "custody" within the meaning of 28 U.S.C. §2241(c). *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). The Court thus has jurisdiction to determine whether relief is available under §2241. *See id.*; *see also Ex Parte Hayes*, 414 U.S. 1327, 1329 (1973) (Douglas, J., in chambers) ("the District Court has jurisdiction to determine the question of its jurisdiction" under §2241).

There is no need for an evidentiary hearing in this matter.

## III. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2016, Goitom pleaded guilty to the offenses of Felon in Possession of a Firearm and Bank Fraud, pursuant to a written plea agreement. Dkt. 40. The predicate offense for the Felon in Possession charge was a 2014 conviction for Assault in the Third Degree, in Snohomish County Superior Court, for which the standard sentencing range was 1-3 months and Goitom was sentenced to a one-month term of imprisonment. *See* Dkt. 161-1 (Petition, Exhibit 1).

As part of his plea agreement, Goitom agreed that as long as the Court "impose[d] a custodial sentence that is within or below the Sentencing Guidelines range . . . as determined by the [C]ourt at the time of sentencing," he was waiving "[a]ny right to bring a collateral attack against the conviction and sentence … except as it may relate to the effectiveness of legal representation." Dkt-40 at 9-10.

In July 2018, the Honorable John C. Coughenour sentenced Goitom to a below-Guidelines sentence of 23 months in prison, followed by a three-year term of supervised release. Dkt-51-53. Goitom did not file a direct appeal.

## IV. ARGUMENT

### A. Goitom Has Waived His Right To Collaterally Attack His Conviction.

As noted above, in his plea agreement, Goitom expressly waived "[a]ny right to bring a collateral attack against the conviction and sentence … except as it may relate to the effectiveness of legal representation." Dkt-40 at 9-10. "Any right to bring a collateral attack" by definition includes a §2241 petition challenging Goitom's conviction. *Cf. Davies*



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*v. Benov*, 856 F.3d 1243, 1246–47 (9th Cir. 2017). Goitom does not claim otherwise, nor does he dispute that this waiver was voluntarily agreed to and fully enforceable. He has thus waived any contrary argument. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017). Nor does Goitom contend that his actual-innocence argument is beyond the scope of this waiver, which would be a meritless argument in any event. *See United States v. Goodall*, 21 F.4th 555, 563–65 (9th Cir. 2021). Goitom's habeas petition must therefore be dismissed as barred by his appellate waiver.

**B. Goitom Cannot Challenge His Conviction In A Section 2241 Petition.**

"As a general rule, 'a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention[.]'" *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020). A habeas petition under 28 U.S.C. §2241 normally may "not be entertained if it appears that the applicant has failed to apply for relief, by motion [under §2255], to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. §2255(e). Here, because Goitom never brought a motion under § 2255 contesting his felon-in-possession conviction (or any conviction), his §2241 petition is statutorily barred by §2255(e).

Goitom relies on the "escape hatch" (or "savings clause") of §2255, which allows a defendant to challenge his conviction in a §2241 petition if he can show "that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Because post-conviction challenges are supposed to be litigated in a §2255 motion, this escape hatch is necessarily "a narrow exception." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). The Supreme Court has clarified that this escape hatch is available only where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023).

Critically, the question is whether it is impossible or impractical to *seek* relief in a §2255 motion; not whether it is impossible or impractical to *prevail* on the motion. Goitom is therefore wrong to argue that a §2255 motion is "ineffective or inadequate to secure the relief [he] seeks" because the motion would be barred by the statute of limitation and his collateral-review waiver. Dkt-161 at 4. Leaving aside that these are waivable defenses (not



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

absolute bars), the Ninth Circuit has made clear that a §2255 motion is not inadequate just because there may be a temporal, procedural, or statutory bar that can prevent the defendant from prevailing on the motion. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241"). And Goitom has not shown that it is "impossible" for him to file a §2255 motion in this Court. *See Jones*, 599 U.S. at 474 (impossibility requires a showing akin to "the sentencing court's dissolution"). Nor has he shown that "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* at 475. Section 2255(e)'s escape hatch is thus not open to Goitom and his §2241 petition must be dismissed.

**C. Even If Goitom Could Challenge His Conviction In A Section 2241 Petition, He Would Not Qualify For Any Relief.**

Goitom does not acknowledge the limits on §2255(e)'s escape hatch imposed by *Jones*. Instead, he relies on pre-*Jones* cases holding that the escape hatch is available if "a petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). But these cases, which held that the escape hatch allows a defendant to bring a §2241 petition claiming actual innocence based on "a newly adopted narrowing interpretation of a criminal statute," were rejected by *Jones*. 599 U.S. at 477–80. And even if these cases survived *Jones* – which they did not – Goitom would still not be entitled to relief under §2241.

**1. Actual Innocence**

"[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998)." *Stephens*, 464 F.3d at 898. In this context, "'actual innocence' means *factual innocence*, not mere legal insufficiency," which requires the petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (emphasis added). Actual innocence can be demonstrated in two ways. First, a petitioner can establish actual innocence by proffering "new reliable evidence . . . that was not



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presented at trial" demonstrating "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (cited in *Bousley*, 523 U.S. at 623). No such claim is presently at issue. Second, if an intervening change in the law shows the petitioner "was convicted for conduct not prohibited by law," the "petitioner is actually innocent." *Alaimalo*, 645 F.3d at 1047. Goitom is advancing this sort of claim.

When Goitom was convicted of being a felon-in-possession in 2018, a predicate conviction under 18 U.S.C. §922(g)(1) - "a crime punishable by imprisonment for a term exceeding one year" - was any a crime where the statutory maximum sentence exceeded one year. *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005). However, because of intervening decisions from the Supreme Court, *Murillo* was overruled in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019). Under *Valencia-Mendoza* and *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019) - which extended *Valencia-Mendoza* to §922(g)(1) - a Washington State conviction is "punishable by imprisonment for a term exceeding one year" under §922(g)(1) only if the high end of the mandatory state guidelines range (or the defendant's actual sentence) is greater than one year. *McAdory*, 935 F.3d at 842-44. Because the maximum guideline sentence for Goitom's Assault in the Third Degree predicate was three months, Goitom contends he is now actually innocent of his §922(g)(1) offense under *McAdory* and *Valencia-Mendoza*. Dkt-131 at 3–4. He is wrong.

Goitom's argument is foreclosed by the Supreme Court's decision in *Lewis v. United States*, where the Court considered a challenge to a prosecution under a predecessor version of §922(g)(1) and "h[e]ld that [the provision] prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." 445 U.S. 55, 65 (1980). The Court explained that, under the statute, it is "the fact of a felony conviction [that] imposes a firearm disability," which continues "until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon." *Id*. at 60-61 (emphasis added); *see also Custis v. United States*, 511 U.S. 485, 491 (1994) ("The provision that a court may not count a conviction 'which has been . . . set aside' creates a clear negative implication that



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

courts may count a conviction that has not been set aside.") (quoting 18 U.S.C. §921(a)(20)). The Court therefore concluded that a felon must "clear his status before obtaining a firearm" for his possession to be lawful. *Lewis*, 445 U.S. at 64.

*Lewis*'s holding has been extended to convictions under the current version of §922(g)(1). *United States v. Marks*, 379 F.3d 1114, 1117 (9th Cir. 2004). Therefore, this Court should reject Goitom's contention that his felon-in-possession conviction is invalid. When Goitom was convicted, his possession of a firearm was illegal under § 922(g)(1). Although the law subsequently changed regarding the types of predicate crimes that may underpin a § 922(g)(1) offense, Goitom's state conviction was not vacated and therefore Goitom cannot collaterally attack his conviction on this basis. Indeed, the *Lewis* Court emphasized that "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm," but until he has done so "the mere fact of [the] conviction" itself subjects him to the federal prohibition. *Id.*; *see also Padilla*, 387 F.3d at 1091-92; *Marks*, 379 F.3d at 1118-19.

In *Lewis*, the Supreme Court further explained that it found "[n]o exception" to the statute "for a person whose outstanding felony conviction ultimately might turn out to be invalid for *any reason*." *Id*. at 64 (emphasis added); *see id.* at 67 (noting that the statute focuses "on the mere fact of conviction [] to keep firearms away from potentially dangerous persons"). This limitation includes predicate convictions later ruled "*void ab initio*" because of a judicial ruling declaring the statute unconstitutional, *United States v. Thompson*, 901 F.3d 785, 787 (7th Cir. 2018), or for some other reason (e.g., lack of jurisdiction). *See United States v. Mayfield*, 810 F.2d 943, 944–47 (10th Cir. 1987). *See also United States v. Padilla*, 387 F.3d 1087, 1092 (9th Cir. 2004) (relief from a conviction even "on the ground that the conviction was *void ab initio*[] must occur before the erstwhile felon takes possession of a firearm").

Moreover, *Lewis* applies to any conviction subject to "collateral attack on constitutional grounds," 445 U.S. at 65, and to convictions subject to collateral attack based on a retroactive change in the law defining the predicate offense. *See United States v. Kahoe*, 134 F.3d 1230, 1231–35 (4th Cir. 1998) (§922(g) conviction valid despite a



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Supreme Court decision narrowing the scope of the predicate §924(c) conviction) (cited in *Marks*, 379 F.3d at 1119-20).

In summary, *Lewis* and its progeny foreclose Goitom's contention that he is actually innocent of his §922(g)(1) offense because his Washington State conviction is not presently a qualifying felony under the intervening decisions in *McAdory* and *Valencia-Mendoza.* Goitom had a predicate conviction that had not been set aside when he was convicted of violating §922(g)(1), and at that time this predicate was "punishable by imprisonment by a term exceeding one year" under then-controlling law because its statutory maximum sentence exceeded one year. *Murillo*, 422 F.3d at 1154. Under *Lewis*, the fact of that predicate conviction was all that was required to establish Goitom's violation of §922(g)(1). That this predicate could not support a § 922(g) conviction today is irrelevant. *See Kahoe*, 134 F.3d at 1231–35.

**2. Unobstructed Procedural Shot.**

Apart from a showing of actual innocence (which Goitom cannot make), to qualify for §2255(e)'s escape hatch Goitom must also show that he '"has not had an unobstructed procedural shot at presenting that claim.'" *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1076 (9th Cir. 2021). He cannot do so.

The legal basis for Goitom's innocence claim - the decisions in *Valencia-Mendoza* and *McAdory* - arose in 2019. Although the time for Goitom to appeal his conviction had expired, he could have raised his innocence claim in a §2255 motion after those decisions were decided. *See* 28 U.S.C. §2255(f)(4). Indeed, since he is currently on supervised release - which constitutes "custody" under §2255, *see United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002) - Goitom can still bring his innocence claim in a §2255 motion. *See* 28 U.S.C. §2255(a). While that claim would fail for a host of reasons, that does not mean he has not been afforded an "unobstructed *procedural* shot at presenting that claim." Again, the question is whether there was a forum for Goitom to raise his claim, not whether he was guaranteed to succeed on the merits. *See Harrison v. Ollison*, 519 F.3d 952, 960–61 (9th Cir. 2008). Because Goitom has chosen not to file a §2255 motion, he cannot seek



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

relief under §2241. *See Pirro*, 104 F.3d at 300 ("the defendant could not contend that a section 2255 petition would be inadequate or ineffective when he had not filed one").

**D. If The Court Were To Construe This Petition As A Motion under 28 U.S.C. §2255, It Should Be Denied.**

Although Goitom's §2241 motion is procedurally (and substantively) defective, the Court could recharacterize it as a §2255 motion, though it should probably afford Goitom notice before doing so. *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (such notice is required if the defendant is *pro se*). But if the Court did so, the § 2255 motion would have to be denied. The motion would be barred by Goitom's collateral-review waiver and by the one-year statute of limitation (which expired sometime in 2020). *See* 28 U.S.C. §2255(f)(4). Goitom's actual innocence claim would also be procedurally defaulted because it was not raised on direct appeal, *see United States v. Pollard*, 20 F.4th 1252, 1255 (9th Cir. 2021), and, for the reasons discussed at length, it would fail on the merits under the Supreme Court's *Lewis* decision. Thus, if the court elects to recharacterize this habeas petition as a §2255 motion, it should deny that motion.

DATED this 9th day of June, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s/ Todd Greenberg*

TODD GREENBERG
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-2636
Fax: (206) 553-4440
E-mail: Todd.Greenberg4@usdoj.gov